```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
 2                      HARRISBURG DIVISION

 3    UNITED STATES OF AMERICA,   : CRIMINAL NO.
                   Plaintiff      : 01-CR-328-01
 4           vs.                  :
      VICKIE L. ZERBY,            : Harrisburg, PA
 5                Defendant       : 16 January 2003
      ...........................: 11:30 a.m.
 6

 7                   TRANSCRIPT OF SENTENCING
              BEFORE THE HONORABLE SYLVIA RAMBO
 8               UNITED STATES DISTRICT JUDGE

 9

10    APPEARANCES:

11    For the United States:

12        Christy Fawcett, Esquire, AUSA
          U.S. Attorney's Office
13        228 Walnut Street, 2nd Floor
          Harrisburg, PA 17108
14

15    For the Defendant:

16        John M. Kasaback, Esquire
          515 Main Street
17        Johnstown, PA 15901
          (814) 534-0430
18

19
      Court Reporter:
20
          Wesley J. Armstrong, RPR
21        228 Walnut Street
          Harrisburg, PA 17108
22        (443) 418-7154

23

24

25
```

FILED
HARRISBURG, PA

MAY 1 5 2003

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

ORIGINAL

```
 1                    P R O C E E D I N G S
 2        MS. FAWCETT: Good morning, Your Honor.
 3        MR. KASABACK: Good morning, judge.
 4        THE COURT: Good morning, sir.
 5        MS. FAWCETT: This is number 1:CR-01-328,
 6   United States of America versus Vickie L. Zerby.
 7   The defendant pled guilty on July 15th, 2002 to a
 8   criminal conspiracy to distribute and possess
 9   with intent to distribute an unspecified quantity
10   of crack cocaine and heroin.  She is here with
11   her attorney to be sentenced.
12        THE COURT: Have you reviewed the presentence
13   report with your counsel, Ms. Zerby?
14        THE DEFENDANT: Yes.
15        THE COURT: There have been no objections
16   filed.  Are you prepared to be sentenced today?
17        MR. KASABACK: That's correct, Your Honor.
18        THE COURT: Do you wish to speak on her
19   behalf?
20        MR. KASABACK: Yes.  Briefly, the guidelines
21   call for a sentence somewhere between 151 to 188
22   on these offenses.  It appears that the charges
23   here were filed on October 17 of 2001 and she was
24   released on personal recognizance on January 22nd
25   of '02, and that would become more significant as
```

1  I go on. We have a woman who's 52 years old,
2  extensive criminal history that appears to be
3  thefts and drug offenses. This woman has had a
4  drug problem for over twenty years and would
5  welcome the extensive treatment that would be
6  available in a federal system.
7      Another significant point is that if you
8  look at paragraph 69 of the modified presentence
9  report, it indicates that the sentencing
10 guidelines, specifically section 5G1.3C
11 indicates that a sentence here could run
12 concurrent to partially concurrent or consecutive
13 to a prior undischarged term, and they indicate
14 in application 6 that if she's on state parole
15 that it should be run, that any sentence here
16 should run consecutive to a term proposed for a
17 parole violation, and I'd like to point out to
18 the court that in this case Ms. Zerby has been
19 serving time in the state system under a detainer
20 only.
21     There's been a preliminary finding of a
22 violation, but there's been no term imposed for
23 that parole violation. Consequently there's
24 nothing to run concurrent to, consecutive to, or
25 partially concurrent to, and this will be the

1   first sentence that she'll receive that is
2   related to these charges.  So I also received a
3   copy of the U.S. attorney's 5-K motion, I'm sure
4   that they'll bring that in the course to light.
5          THE COURT: Can you respond to the concurrent
6   consecutive?
7          MS. FAWCETT: Actually that's what Ms. Baker
8   and I were discussing when Your Honor came into
9   the courtroom.  If in fact she has not been
10  sentenced on the state parole violation, if she's
11  merely hasn't formally been sentenced, I'm not
12  sure that the court can impose a sentence to run
13  consecutively to a sentence that has not yet been
14  imposed.  Ms. Baker I believe is telling me that
15  from the information she has it appears that she
16  has not yet been sentenced.
17         PROBATION OFFICER: In looking at the
18  presentence report at paragraph 41 --
19         THE COURT: Hold on.
20         PROBATION OFFICER: -- Ms. Regan indicates
21  here in the report that she was committed to
22  serve fifteen months of back time when available.
23  So that indicates to me that something has
24  occurred, and I'm not sure what the amount of
25  time she has been serving will be credited

towards, but additional board action is awaited following sentencing in this matter or sentencing on the new offense in addition to the technical violation, and she also is potentially awaiting revocation in Lycoming County.

MS. FAWCETT: May I ask a question of Ms. Baker?

THE COURT: Yes.

MS. FAWCETT: Does that indicate to you that she has at least received one sentence and hence this fifteen month sentence?

PROBATION OFFICER: That's what I read in paragraph 41, yes, but because it says when available, and she's still on the detainer, I think it's an issue of whether this time is being credited toward that sentence. I don't believe she's serving that fifteen months yet, but it does appear that she's been sentenced to that fifteen months.

THE COURT: Go ahead.

THE DEFENDANT: That's correct, Your Honor.

MR. KASABACK: I believe that's correct, Your Honor.

THE COURT: That she's not serving?

MR. KASABACK: That she's not presently

1  serving fifteen months.

2  THE DEFENDANT: I'm not serving it yet. It
3  said when available.

4  MR. KASABACK: I don't quite understand how
5  they work that.

6  THE DEFENDANT: That means whenever I'm
7  available for the fifteen months, but I'm not
8  available yet.

9  THE COURT: So --

10  MR. KASABACK: I mean, the one strange thing
11  is that she was, it seems to me she would have
12  been available once she got the personal
13  recognizance bond, and I don't know why it hasn't
14  been imposed.

15  THE COURT: Well, this is too --

16  MS. FAWCETT: Does it become an issue of
17  crediting versus imposing a consecutive sentence?

18  THE COURT: That's what I'm concerned about,
19  because if I shouldn't impose a consecutive
20  sentence I don't want to, and I can't tell what
21  we're doing here.

22  PROBATION OFFICER: I believe it's a credit
23  issue. This is Mrs. Regan's case, and if you'd
24  like me to get some additional specifics on that
25  I can. I believe that the marshals would tell me

```
 1   that because she's in state custody now that she
 2   would probably need to serve her state time
 3   first.  It's usually a matter of who has her
 4   first, but I don't know that the credit issue
 5   affects the consecutive issue.  It's just that
 6   matter that would be ironed out.
 7         MR. KASABACK: Right, and I think it's
 8   important because the we look at when the
 9   indictment was filed in October, and then she
10   got the personal recognizance in January, we'd
11   only be talking about three months anyway.
12         THE COURT: Here's what we're going to do.
13   I'm going to assume that she's serving -- we'll
14   have to get, I'll impose sentence today and let's
15   get it straightened out, and if necessary under
16   Rule 35 I can correct it.
17         MR. KASABACK: Very good.
18         THE COURT: All right?  All right.
19   Ms. Zerby do you wish to speak on your own
20   behalf?
21         THE DEFENDANT: Yes, I want to tell Your
22   Honor that I have changed my life around.  I did
23   before that end stuff, but I went back to my ex
24   and got caught up in the same old thing, but it
25   was like that one day, because I have changed my
```

1  whole life around.  I went back to him whenever I
2  shouldn't have, but I'm not blaming him for what
3  I did.  I take full responsibility.
4       THE COURT: Do you wish to speak on behalf of
5  the government?
6       MS. FAWCETT: The government is not
7  requesting that the sentence that the court
8  imposes be any greater than the bottom of the
9  sentencing guideline range for the applicable
10 offense, and we also ask the court of course to
11 consider the 5-K going motion that's been filed.
12 Given the fact that I'm not asking for a sentence
13 above the bottom of the applicable guidelines
14 range, I don't know that it's necessary to
15 address that.
16      THE COURT: All right.  Now, this 16th day of
17 January, the year 2003, the defendant appearing
18 in court for purposes of sentencing pursuant to
19 the Sentencing Reform Act of 1984, it is the
20 judgment of the court that the defendant Vicky L.
21 Zerby is here committed to the custody of the
22 Bureau of Prisons to be imprisoned for a term of
23 120 months.  It is the court's intention that
24 this sentence run consecutively to the state
25 parole violation term for which the defendant is

1 being held under docket numbers 95-10,935;
2 95-11,409; and 95-11,944.
3     The court finds that the defendant has some
4 ability to pay a fine. Accordingly it is further
5 ordered that the defendant pay to the United
6 States the sum of $1,100, consisting of a fine of
7 $1,000 and the special assessment of $100. The
8 fine and assessment are due immediately, shall be
9 paid through the clerk of court, and are payable
10 during the period of incarceration, with any
11 balance to be paid within three years of the
12 defendant's release from custody.
13     Upon release from the imprisonment the
14 defendant shall be placed on supervised release
15 for a term of three years. Within 72 hours of
16 release from the custody of the Bureau of Prisons
17 the defendant shall report in person to the
18 probation office in the district to which she is
19 released. While on supervised release the
20 defendant shall comply with the standard
21 conditions that have been adopted by the court
22 and with the following additional conditions.
23     The defendant shall pay any balance of the
24 fine imposed by this judgment which remains
25 unpaid at the commencement of the term of

1  supervised release in minimum monthly
2  installments of no less than $50.  As a condition
3  of supervision the defendant shall submit to one
4  drug test within fifteen days of release from
5  custody and at least two periodic drug tests
6  thereafter.
7       Before I go to the statement of reasons
8  I'm directing the probation office to clarify
9  precisely what her status is so I can determine
10 whether the consecutive sentence that's been
11 imposed is appropriate, and if not if counsel
12 would be advised to file a Rule 35 motion.
13      The following statement of reasons is placed
14 on the record for the sentence that has been
15 imposed.  The court adopts the factual findings
16 and the guideline application in the presentence
17 report.  The fine is below the guideline range
18 because of the defendant's inability to pay.  The
19 sentence departs from the guideline range upon
20 motion of the government as a result of
21 defendant's substantial assistance.
22      In that regard in accordance with the United
23 States versus Torres, T-O-R-R-E-S, 251 F.3d 138,
24 3rd Circuit, 2001, the court must set forth the
25 reasons for the granting of the downward

1  departure. The nature of the cooperation
2  consisted of a proffer to DEA agents in which the
3  defendant identified individuals who provided the
4  defendant with money to travel to Philadelphia to
5  purchase the crack cocaine and the heroin, and
6  also she identified previous the drug source in
7  Philadelphia, as well as the individual from whom
8  she purchased the drugs in Philadelphia on the
9  date that she was arrested.
10  The government considers the cooperation to
11  be moderately significant, which is the reason
12  for the 20 percent downward departure. The
13  information did not lead to any further arrests
14  or drug seizures. The information was reliable.
15  There was no danger posed to the defendant and
16  the information was timely. Consequently, a 20
17  percent departure was granted.
18  Now, Mrs. Zerby, you do have the right to
19  appeal your conviction if you believe that your
20  guilty plea was somehow unlawful or involuntary
21  or whether there was some other fundamental
22  defect in these proceedings that was not waived
23  by your guilty plea. You also have a statutory
24  right to appeal your sentence under certain
25  circumstances, particularly if you think the

1  sentence is contrary to law.  You have ten days
2  from this day in which to file a notice of
3  appeal.  Are you privately retained?
4          MR. KASABACK: Yes, Your Honor.
5          THE COURT: If you do wish to take an appeal
6  and you can no longer afford the services of your
7  current counsel to file an appeal, you must
8  notify the court and the court will appoint a
9  public defender to represent you without cost to
10 file an appeal.  You may also request the clerk
11 of court to prepare and file a notice of appeal
12 on your behalf.  So I would suggest you determine
13 today whether she wishes to take an appeal, and
14 if she does and you will not represent her to
15 notify us immediately so the public defender can
16 be appointed to represent her.  I will also
17 suggest to the Bureau of Prisons that she be
18 given substantial drug treatment.
19         MR. KASABACK: Thank you.
20         MS. FAWCETT: Thank you, Your Honor.
21         THE COURT: Anything to be dismissed?
22         MS. FAWCETT: Yes, I believe it's count 2 of
23 the indictment to be dismissed.
24         COURT DEPUTY: There's two counts in the
25 original indictment, at least on the docket.

```
 1        THE COURT: Well, she pled to one.
 2        MS. FAWCETT: We will move for dismissal --
 3        COURT DEPUTY: This was superseding, right?
 4   The superseding information?
 5        MS. FAWCETT: Right.  I'm sorry, Your Honor,
 6   I should have been better prepared for this.  I
 7   think Mr. Armbruster is correct.  We will move
 8   for dismissal of counts 1 and 2 of the
 9   indictment, that is correct.
10        THE COURT: Well, if there's a -- the
11   information supersedes the entire indictment
12   then, doesn't it?
13        MS. FAWCETT: Yes.
14        THE COURT: Okay.  Both counts 1 and 2 of
15   the original indictment are dismissed.
16        MS. FAWCETT: Yes.  Thank you, Your Honor.
17        MR. KASABACK: Thank you, Your Honor.
18        (Thereupon, at 11:44 a.m. court was
19   adjourned.)
20
21
22
23
24
25
```

```
 1              USA vs. Vickie Zerby
 2              Sentencing hearing
 3              16 January 2003
 4
 5
 6        I hereby certify that the proceedings
 7   and evidence are contained fully and accurately
 8   in the notes taken by me on the trial of the
 9   above cause, and that this copy is a correct
10   transcript of the same.
11
12
13
14
15
16        _____
17              Wesley J. Armstrong, RPR
18
19
20
21
22        The foregoing certification of this
23   transcript does not apply to any reproduction by
24   any means unless under the direct control and/or
25   supervision of the certifying reporter.
```