IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,             :
                                      :
      v.                              :
                                      :   Case 01-CR-328-01
VICKIE L. ZERBY,                      :
      Defendant                       :
                                      :

**FILED**
HARRISBURG, PA
AUG 12 2003
MARY E. D'ANDREA, CLERK
Per _____

TRANSCRIPT OF PROCEEDINGS

GUILTY PLEA

BEFORE:   HON. SYLVIA H. RAMBO, Judge

DATE:     July 15, 2002

PLACE:    Courtroom Number Three
          Federal Building
          Harrisburg, Pennsylvania

COUNSEL PRESENT:

CHRISTY FAWCETT, Assistant United States Attorney
    For - United States of America

JOHN M. KASABACH, Esquire
    For - Defendant

Vicki L. Fox, RMR
Official Reporter

Zerby - Change of Plea                                2

1   THE COURT: Good afternoon. We are looking for
2   your briefcase.
3   MR. KASABACH: I don't need it for right now.
4   Thank you, Judge.
5   MS. FAWCETT: Good afternoon, Your Honor.
6   THE COURT: Good afternoon.
7   MS. FAWCETT: Your Honor, this is 1:CR-01-328,
8   United States of America v. Vicki L. Zerby. Ms. Zerby was
9   previously indicted in a two count indictment that charged
10  her with a violation of Title 21, United States Code,
11  section 8467, criminal conspiracy to distribute and possess
12  with intent to distribute crack cocaine and heroin. The
13  second count of that indictment charged her with a violation
14  of Title 21, United States Code, section 841(a)(1)
15  possession -- I'm sorry -- distribution and possession with
16  intent to distribute five grams and more of crack cocaine
17  and heroin.
18  She is here with her attorney Mr. Kasabach to
19  enter a guilty plea pursuant to the terms of the plea
20  agreement with the government.
21  THE COURT: The information doesn't indicate how
22  much.
23  MS. FAWCETT: That is pursuant to the terms of
24  the plea agreement, that it would be an unspecified
25  quantity.

Zerby - Change of Plea                          3

THE COURT: There will be a hearing then to determine the amount?

MS. FAWCETT: Possibly. We haven't discussed sentence.

MR. KASABACH: Right.

MS. FAWCETT: There is a 5K provision in the plea agreement which may obviate the need for any hearing.

THE COURT: Ms. Zerby, before I can accept your change of plea, it will be necessary for me to establish for the record that you understand your rights and the consequences of your plea.

You will be placed under oath, and I will ask certain questions of you. You should be advised that if you give me any false answers, you could be subject to further prosecution for perjury or false swearing.

Furthermore, if you went to trial in this matter, you could not be forced to take the witness stand and testify against yourself. Because you are entering a plea of guilty to this information, I must ask questions of you to establish your involvement in these charges. You will have to respond thereby giving up your right against self-incrimination.

Do you understand that?

THE DEFENDANT: Yes, Your Honor, I do.

(Vickie Zerby was duly sworn.)

Zerby - Change of Plea                                                   4

1  BY THE COURT:
2  Q     How old are you?
3  A     52.
4  Q     How far have you gone in school?
5  A     Graduated.
6  Q     Have you taken any drugs or alcohol before coming into
7  court today?
8  A     Just my regular meds that I am on.
9  Q     What are you on?
10 A     Prosac, high blood pressure medication.
11 Q     Does any of this have an effect on your ability to
12 understand what is taking place today?
13 A     No, ma'am.  None at all.
14 Q     Are you satisfied with the representation you have
15 received from your counsel to date?
16 A     Yes, Your Honor.
17 Q     Are you privately retained?
18        MR. KASABACH:  Yes, Your Honor.
19 BY THE COURT:
20 Q     Do you understand if at any stage of these proceedings
21 you can no longer afford to retain private counsel, that the
22 Court on proper application will appoint a Public Defender
23 to represent you without cost; do you understand that?
24 A     Yes, Your Honor.
25 Q     Now what you will be pleading to is an Information.

Zerby - Change of Plea    5

1   And under the law, you are entitled to request the
2   government to present these matters to a Grand Jury. A
3   Grand Jury consists of no less than 16, nor more than 23
4   persons. At least 12 members of that Grand Jury must be
5   satisfied that the government has sufficient facts to even
6   bring these charges against you.
7            Now you may waive presentment by indictment and
8   proceed on the information. Is that your desire to enter a
9   plea of guilty to the Information?
10  A    Yes, ma'am.
11  Q    Do you wish to have this information read to you in
12  open court, or do you waive the reading of the information?
13  A    We understand what the charges are.
14  Q    You have reviewed the charges with counsel?
15  A    Yes.
16  Q    You are entitled to a jury trial in which you through
17  counsel would select a jury consisting of twelve persons.
18  At a trial, the government would have the responsibility of
19  proving each and every element of the crime charged against
20  you beyond a reasonable doubt. You are presumed innocent
21  until that burden is met.
22           At the trial, you would have the right through
23  counsel to cross-examine any witnesses the government would
24  present. You, in turn, would have the right to subpoena
25  witnesses and evidence on your own behalf; although, you are

1  not required to do so.
2           Any finding of guilt by a jury would have to be
3  unanimous.  That is all twelve jurors would have to agree.
4  If you give up your right to the a jury trial, you give up
5  your right to present any defenses that you may have or the
6  right to appeal any pretrial motions.
7           Do you understand your right to a jury trial?
8  A    Yes.
9  Q    Is it your desire to give up your right to a jury
10 trial and enter a plea of guilty to Count One of the
11 Information?
12 A    Yes.
13          THE COURT:  There is a plea agreement in this
14 matter.  I would request the government to state the essence
15 of the plea agreement for the record.
16          MS. FAWCETT:  The essence of the plea agreement
17 is that the defendant will plead guilty to an Information
18 that charges her with a violation of Title 21, United States
19 Code, section 846, criminal conspiracy to distribute and
20 possess with intent to distribute an unspecified quantity of
21 crack cocaine and heroin.
22          The government will recommend that she receive a
23 three level downward departure for acceptance of
24 responsibility.
25          The plea agreement contains a provision that if

Zorby - Change of Plea                                            7

1  the defendant provides substantial assistance to the
2  government, the government may file a motion requesting a
3  downward departure on the part of the Court.
4      At the time of her sentence, we will move to
5  dismiss the charges in the indictment.
6  BY THE COURT:
7  Q    Is that in essence your understanding of the plea
8  agreement?
9  A    Yes, ma'am.
10 Q    Have there been any promises made to you that haven't
11 been set forth in writing?
12 A    No, Your Honor.
13 Q    Has anyone promised you what your sentence would be?
14 A    No.
15 Q    In that regard, do you understand that the maximum
16 term of imprisonment for this offense could be 20 years, a
17 fine of one million dollars or both, a term of supervised
18 release up to ten years, the costs of prosecution, denial of
19 certain federal benefits, and a special assessment of
20 $100.00; do you understand that?
21 A    Yes, I do.
22 Q    Do you understand that a term of supervised release is
23 a term that follows any jail term; do you understand that?
24 A    Yes.
25 Q    Do you further understand that there are sentencing

1  guidelines that this Court must follow, and I will not know
2  what your guideline is until after your presentence report
3  has been done? So if anyone has estimated to you what your
4  guideline would be and it is different from what this Court
5  finds it to be, you can't withdraw your guilty plea; do you
6  understand?
7  A    Yes.
8  Q    Do you further understand that this Court is not bound
9  by any promises made to you by the government?
10 A    Yes.
11 Q    I show you a document entitled Plea Agreement. Have
12 you reviewed that agreement with counsel?
13 A    Yes.
14 Q    Take a look at the tab. Is that your signature?
15 A    Yes.
16 Q    Is there anything in there that you have a question
17 about that you want to ask the Court for any clarification?
18 A    I just wanted to let you know that the crack cocaine
19 and heroin, that my Parole Officer took a urine from me, and
20 it came up negative, that I had never used any of these
21 drugs.
22 Q    I don't think you are charged with using them.
23      MR. KASABACH: That's correct, Your Honor.
24 BY THE COURT:
25 Q    You are just charged with conspiring with others to

Zerby - Change of Plea                                                9

1    possess with intent to distribute.

2    A     Okay.

3    Q     Any other questions that you may have?

4    A     No, Your Honor.

5              THE COURT: Now you are charged that beginning on
6    or about August 31, 2001 through September 1, 2001 in
7    Mifflin County of conspiring with others to possess and
8    possess with intent to distribute a certain amount of crack
9    cocaine and heroin, which are controlled substances under
10   the law.

11             I would ask Ms. Fawcett to state what facts you
12   would present in support of the charge.

13             MS. FAWCETT: The government would present
14   evidence that on September 1st, 2001, members of the Mifflin
15   County Drug Task Force obtained a search warrant for a
16   vehicle driven by the defendant, as well as search warrants
17   for the person of the defendant and her companion, who was
18   Heather Lyn Price.

19             The warrants were based on information from a
20   confidential informant that he overheard Price say she and
21   another would be traveling to Philadelphia to obtain crack
22   and heroin on a certain date, officer's surveillance of a
23   van that was driven by the defendant, in which Price was a
24   passenger, traveling to and from a known drug area in
25   Philadelphia on the appointed date, and the officer's

1  observation of Price apparently ingesting cocaine at a rest
2  stop on the return journey.
3         During the search, Police found crack and a
4  quantity of heroin in the defendant's purse.  The defendant
5  admitted that the purpose of the trip to Philadelphia was to
6  purchase drugs, that she drove the van used to transport the
7  drugs that were purchased, that some of the drugs were
8  intended for her and that some quantity of the drugs was
9  intended to be distributed to others.
10 BY THE COURT:
11 Q     Ms. Zerby, first of all, do you understand that a
12 conspiracy is an agreement between two or more people to do
13 an unlawful act?  This agreement need not be in writing.  It
14 need not be said or spoken.  It can be just a silent
15 agreement and acting together in order to perform this
16 illegal act.
17        So the conspiracy is between you and Ms. Price to
18 travel to Philadelphia and pick up these drugs.  And based
19 on your confession that you intended to distribute some of
20 that is part of the element of the offense.
21        I would ask counsel at this time, are you
22 satisfied with the search of the vehicle and that the
23 statements given by your client were obtained lawfully?
24        MR. KASABACH:  Yes.  I had filed pretrial motions
25 in this case with regard to the warrant.  We will be

Zerby - Change of Plea                                                11

1   withdrawing those based on this guilty plea.
2         The only issue that may concern the Court is that
3   Ms. Zerby, her confession indicated that she was aware that
4   they were traveling to Philadelphia, that drugs would be
5   purchased and distributed to others upon their return.
6   BY THE COURT:
7   Q     Do you agree with that?
8   A     Yes.
9   Q     Do you agree with the facts as cited by Ms. Fawcett?
10  A     Yes.
11  Q     Is it your desire to enter a plea of guilty to Count I
12  of the Information?
13  A     Yes.
14        THE COURT:  AND NOW this 15th day of July, the
15  year 2002, the Court finds the defendant has knowingly and
16  intelligent waived presentment by indictment and has agreed
17  to proceed on the superseding information and has waived
18  reading of the superseding information in open court.
19        The Court further finds that the defendant is
20  acting voluntarily and not as a result of force or threats
21  or promises apart from the plea agreement.  The Court is
22  satisfied that the plea has a basis in fact and contains all
23  of the elements of the crime charged.
24        The Court therefore accepts the plea of guilty to
25  the superseding information and directs the entry of

Zerby - Change of Plea                                           12

1    judgment of guilty on the plea.  Sentence is deferred
2    pending receipt by the Court of a presentence report.
3              Does she need to be processed?
4              THE MARSHAL:  I don't believe so, but I will
5    check.
6              THE COURT:  Court is adjourned.
7              MS. FAWCETT:  Thank you, Your Honor.
8              MR. KASABACH:  Thank you, Your Honor.
9              (Whereupon, the proceedings were concluded.)
10
11             I hereby certify that the proceedings and
12   evidence are contained fully and accurately in the notes
13   taken by me on the trial of the above cause, and that this
14   copy is a correct transcript of the same.
15
16                            *signature*
17                            Vicki L. Fox, RMR
18                            Official Reporter
19
20
21             The foregoing certification of this transcript
22   does not apply to any reproduction by any means unless under
23   the direct control and/or supervision of the certifying
24   reporter.
25