THE UNITED STATES DISTRICT COURT

FOR THE _US_ DISTRICT OF _Middle Dist_
_of Pa Hbg_ DIVISION

_Vickie Zuley_
Petitioner/Defendant,

v.

THE UNITED STATES OF AMERICA,
Respondent

CASE No. _1:CR-01-328_

FILED
HARRISBURG, PA
FEB - 4 2008
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

MOTION OF PETITIONER FOR MODIFICATION OR
REDUCTION OF SENTENCE BASED UPON AN
INTERVENING POST-SENTENCE CHANGE IN THE UNITED STATES
SENTENCING GUIDELINES PERTAINING TO
COCAINE BASE "CRACK" OFFENSES (AMENDMENT 9) AND
THE COROLLARY CRIMINAL HISTORY CATEGORY (AMENDMENT 12)
WHICH EFFECTIVELY LOWERS PETITIONER'S TERM OF IMPRISONMENT

COMES NOW Petitioner/Defendant herein, _Vickie Zuley_, appearing in and of her own behalf, as a pro se litigant, and respectfully moves this Honorable Court for an ORDER modifying and thus reducing her sentence of _120_ months imprisonment, pursuant to this Honorable Court's jurisdictional authority as set forth and as contained in 18 United States Code § 3582(c)(2).

I. STATEMENT OF THE CASE

Petitioner/Defendant in the underlying, above-numbered criminal case, was sentenced by this Honorable Court, on or about _Jan 16, 03_, for a violation of the federal drug statute: Title 21 United States Code, particularly involving cocaine base, hereinafter referred to as "crack". Petitioner was sentenced by this Honorable Court to a term of imprisonment of _120 mo_ months, at Offense Level _29_, with a Criminal History Category of _5_,

followed by a term of Supervised Release of _____ years. Petitioner/Defendant is currently incarcerated and is serving her sentence at Federal Medical Center, Carswell in Fort Worth, Texas.

Any detailed or extended statement of the facts of the case would be improper and unavailing, on the grounds that Petitioner's/Defendant's instant motion for sentence reduction is, as a matter of law, a continuation of the criminal case and is not a civil post-conviction relief pleading. See, e.g., **United States v. Fair,** 326 F.3d 1317 (11th Cir. 2003), followed by the overwhelming sister circuits. Therefore, Petitioner/Defendant herein does not seek to introduce new evidence or to argue or litigate the facts of the case. To the contrary, Petitioner's/Defendant's instant Motion pursuant to 18 United States Code § 3582(c)(2) seeks a reduction of her term of imprisonment as a result of an intervening, post-sentencing change of the United States Sentencing Guidelines [hereinafter "USSG" or "the Guidelines"]. However, the current **Advisory** Guidelines apply.

## II.   AMENDMENTS TO THE GUIDELINES

On May 1, 2007, the United States Sentencing Commission [hereinafter "USSG" or "the Commission"] sent to the United States Congress proposed changes to the Guidelines, which included **inter alia**, Amendment 9, to improve crack cocaine sentences which would be a clear, notwithstanding modest step, toward reducing the harsh and unjustifiable disparities between powder cocaine and crack.

The Crack Amendment to the Sentencing Guidelines -- Amendment 9 -- will effectively reduce Petitioner's/Defendant's sentence by two (2) Offense Levels, from the current Level 29 to a Level 27. The Commission stated in its "Reason for Amendment":

> The Commission identified as a policy priority for amendment cycle ending May 1, 2007, "continuation of its work with congressional, executive, and judicial branches of the government and other interested parties on cocaine sentencing policy,"

>    including reevaluating the Commission's 2002 report to
>    Congress, **Cocaine and Federal Sentencing Policy**. As a
>    result of the Anti-Drug Abuse Act of 1986, Pub. L. 99-570,
>    21 U.S.C. § 841(b)(1) requires a five-year mandatory
>    minimum penalty for a first-time trafficking offense involving
>    5 grams or more of crack cocaine, or 500 grams of powder
>    cocaine, and a ten-year mandatory minimum penalty for a
>    first-time trafficking offense involving 50 grams or more of
>    crack cocaine, or 5,000 grams or more of powder cocaine.
>    <u>Because 100 times more powder cocaine than crack cocaine is
>    required to trigger the same mandatory minimum penalty,</u> this
>    penalty structure is commonly referred to as the "**100-to-1
>    drug quantity ratio**". [See, **AMENDMENTS TO THE SENTENCING
>    GUIDELINES**, pp. 45-46]. **[Emphasis supplied]**.

Clearly, the Sentencing Commission recognizes the policy priority which should be accorded the disparities surrounding cocaine sentencing. Petitioner/Defendant respectfully submits that this Honorable Court so, too, will accord the same or similar priority status in ruling upon Petitioner's/Defendant's instant motion for a reduction in sentence.

The Criminal History Category (Amendment 12) to the Sentencing Guidelines addresses two critical areas of Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score. It is respectfully requested that this Honorable Court grant unto Petitioner/Defendant such other and further reduction of her sentence resulting from the Criminal History Category Amendment 12.

### III. BASED UPON THE SUPREME COURT'S BOOKER DECISION ABOLISHING THE MANDATORY SENTENCING GUIDELINES IN ALL CONTEXTS, THE BOOKER ADVISORY GUIDELINES APPLY TO PETITIONER'S/DEFENDANT'S INSTANT 18 § 3582(c) MOTION FOR SENTENCE REDUCTION, THUS EMPOWERING THIS HONORABLE COURT TO CONSIDER THE § 3553(a) FACTORS, CALCULATE A NEW GUIDELINE RANGE AND RESENTENCE PETITIONER/DEFENDANT ACCORDINGLY

This Honorable Court in resentencing Petitioner/Defendant herein, pursuant to this instant 18 U.S.C. § 3582(c)(2) to account for a post-sentencing U.S. Sentencing Guidelines amendment that reduces the applicable range of punishment, must apply the Guidelines as advisory, even though the old mandatory Guidelines were in effect at the time of Petitioner's/Defendant's original sentencing in the Court.

In **United States v. Hicks**, 472 F.3d 1167 (9th Cir. 2007), the U.S. Court of Appeals for the Ninth Circuit held that where, as here, a defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits a District Court to resentence a defendant whose sentencing range has been lowered by the Sentencing Commission pursuant to 18 U.S.C. § 994(o), the Guidelines must be applied in an advisory manner. According to the Ninth Circuit's analysis, "a mandatory system is no longer an open choice", as a result of the Supreme Court's decision in **United States v. Booker**, 543 US 220, 160 L Ed 2d 621. Clearly, this Court, in resentencing Petitioner/Defendant has the discretion, pursuant to the now advisory Guidelines, to consider the factors set forth in § 3553(a), and calculate a new Guideline range, and issue a new sentence, accordingly.

## CERTIFICATE OF SERVICE

I, *Vickie Zerley*, hereby certify that on *Jan. 23, 2008*, I served upon the following interested party a true copy of the foregoing MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE, by United States Mail, First-Class, postage prepaid, as follows:

*Vickie Zerley*
Petitioner/Defendant

Name: Nadia Fedely
Reg. No. 11243-067
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127

Judge Sylvia H. Rambo
U.S. Federal Courthouse
228 Walnut St.
Harrisburg, Pa 17101