IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 1:CR-01-328 |
| | ) | |
| v. | ) | (Rambo. J) |
| | ) | |
| VICKIE ZERBY | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF PURSUANT TO TITLE 18 UNITED STATES CODE SECTION 3582(c)

AND NOW, the United States of America, by its undersigned counsel, submits the following Sentencing Memorandum and Response in Opposition to the Defendant's Motion for Relief Pursuant to Title 18, United States Code, Section 3582(c)

### I.     STATEMENT OF FACTS AND OF THE CASE

On January 16, 2003, Vickie Zerby, a Career Offender with multiple prior convictions, was sentenced for her role in the distribution of cocaine base. The defendant qualified as a Career Offender under the federal sentencing guidelines and faced as a Career Offender 151-188 months imprisonment. In fact, due to a government motion to reduce his sentence the defendant ultimately was sentenced to serve only 120 months in prison.

Following imposition of this sentence, in December 2007, the United States Sentencing Commission enacted an amendment to the sentencing guidelines, Amendment 706, which reduced the guidelines offense level for certain drug distribution and conspiracy offenses involving cocaine base by two offense levels and further provided

that this amendment applied retroactively to defendants who were sentenced before the effective date of this amended guideline. Spurlock has now moved pursuant to Title 18, United States Code, Section 3582(c), for relief in accordance with this amended guidelines provision.

For the reasons set forth below, the United States submits that the defendant, a Career Offender, misconstrues the reach of this guidelines amendment. Fairly construed, that amendment does not permit career criminals to set aside their sentences years after those sentences are imposed. Since a Career Offender should not be able to take advantage of this limited guidelines amendment to reduce his sentence, this motion for relief under this amended guideline should be denied.

## II. DISCUSSION

### A. Background of the Crack Cocaine Sentencing Amendments.

Section 3582(c)(2) of Title 18, United States Code provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1]  On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c).  Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

---

[1]  Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides:  "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  See, e.g., <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997); <u>United States v. Thompson</u>, 70 F.3d 279, 281 (3d Cir. 1995); <u>United States v. McHan</u>, 386 F.3d 620, 622 (4th Cir. 2004); <u>United States v. Drath</u>, 89 F.3d 216, 218 (5th Cir. 1996); <u>United States v. Dullen</u>, 15 F.3d 68, 70-71 (6th Cir. 1994); <u>United States v. Wyatt</u>, 115 F.3d 606, 608-09 (8th Cir. 1997); <u>United States v. Cueto</u>, 9 F.3d 1438, 1441 (9th Cir. 1993); <u>United States v. Avila</u>, 997 F.2d 767, 768 (10th Cir. 1993); <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

    (2)  <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

        (A)  none of the amendments listed in subsection (c) is applicable to the defendant; or

        (B)  an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

    (3)  <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for some cocaine base ("crack") offenses, where the guidelines were originally calculated based upon the quantity of drugs distributed by the defendant.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels based upon drug weights applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

4

mandatory penalties while still reducing the offense levels for other crack offenses based upon drug weights. See U.S.S.G., Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

---

[3] In a separate matter, the Supreme Court recently held in Kimbrough v. United States, ___ U.S. ___, 2007 WL 4292040 (2007) that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses based upon drug weights. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

These amendments, however, by their terms only apply to cases in which the initial crack cocaine guidelines sentence was based solely upon an assessment of drug quantities. Nothing in the amended guidelines purports to provide sentencing relief for a defendant whose sentence is a product of her own Career Offender status.

The failure of this amendment to address Career Offenders is significant since Section 3582(c) places statutory limitations upon a sentencing court's authority, once it has imposed a sentence of imprisonment, to modify that sentence. <u>See</u> 18 U.S.C. § 3582(c). The Third Circuit has held that these limitations are

jurisdictional limitations upon a district court's substantive authority to modify the previously imposed sentence. See United States v. Higgs, 504 F.3d 456, 463-64 (3d Cir. 2007). Except as authorized by section 3582(c) and Fed. R. Crim. P. 35--which itself derives its authority from section 3582(c)--a sentencing court does not have the authority, and lacks subject-matter jurisdiction, to modify a previously imposed sentence of imprisonment. Id.

Section 3582(c)(2) provides, in pertinent part, as follows:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
>
> \*        \*        \*
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>.

(Emphasis added.) Thus, by statute, a court may not reduce a previously imposed term of imprisonment based upon a reduced guideline range unless "such reduction is consistent with applicable policy statements issued by the Sentencing Commission."

## B. Section 3582(c)(2) and Guideline 1B1.10 Offer No Relief to a Defendant Sentenced as a Career Offender.

The Sentencing Commission's policy statements applicable to section 3582(c)(2) are set forth at U.S.S.G. § 1B1.10, entitled

7

"**Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement).**" Subsections (a)(1) and (a)(2)(A) of those Guidelines policy statements provide that the sentence reduction provisions of section 3582(c)(2) are applicable to, and authorize sentence reductions only for those Guidelines amendments specifically listed in subsection (c). See U.S.S.G. § 1B1.10(a)(1) & (a)(2)(A) (amended December 11, 2007). Subsection (a)(2)(B) provides, unremarkably, that a reduction in a defendant's term of imprisonment is not authorized, even where the amendment is listed in subsection (c), unless the application of the amended guideline would actually have the effect of lowering the defendant's guideline range. See U.S.S.G. § 1B1.10(a)(2)(B). Thus, the first prerequisite to a defendant's entitlement to consideration of a sentence reduction under section 3582(c)(2) is that a Guidelines amendment listed in U.S.S.G. § 1B1.10(c), as applied to that defendant's sentence, would actually reduce his guideline imprisonment range.

On December 11, 2007, the Sentencing Commission added Guidelines Amendments 706 and 711, reducing base offense levels for offenses involving crack cocaine, to the amendments listed in subsection (c), effectively making the base offense level reductions embodied in those amendments retroactive effective March 3, 2008. See U.S.S.G. App. C, Amend. 706 & 711; U.S.S.G. § 1B1.10(c) (eff. March 3, 2008). The effect of those Guidelines

amendments is modest, however, reducing base offense levels for crack cocaine offenses by only two levels.

Under U.S.S.G. § 1B1.10(a)(2)(B), even this modest reduction is not available to a defendant whose guideline imprisonment range would not be affected by application of the amended crack cocaine base offense levels to her case, such as a defendant whose guideline range and sentence were driven by the career offender provisions of the Guidelines found at U.S.S.G. § 4B1.1, by a statutory mandatory minimum sentence, or by a base offense level for some controlled substance other than crack. See U.S.S.G. § 1B1.10, comment. (n.1(A)) ("[A] reduction ... is not authorized ... and is not consistent with this policy statement if ... none of the amendments in subsection (c) is applicable to the defendant[] or ... an amendment listed in subsection (c) ... does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision").

Courts also agree that where, as in this case, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly

9

denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

The threshold inquiry, therefore, to determine whether a defendant is entitled to consideration of a sentence reduction under section 3582(c)(2) is whether applying the reduced crack cocaine offense levels mandated by Amendments 706 and 711 to that

defendant's Guidelines calculation would result in a lower guideline imprisonment range for the defendant. If not, the defendant is not entitled to consideration of a lower sentence under section 3582(c)(2).

In this case it is undisputed that the guidelines imprisonment range was not based solely upon the quantities of drugs distributed by this recidivist. Rather, that sentence was in large measure a product of the simple, immutable fact that the defendant was, and remains, a Career Offender, a felon with a significant prior record. Since these retroactive amendments do not affect the Career Offender guidelines, the defendant is not entitled to a belated sentence reduction under these amendments.

### III. CONCLUSION

For the foregoing reasons this Motion for Relief Pursuant to Title 18, United States Code, Section 3582(c) should be denied.

                                        Respectfully submitted


                              BY:  S/MARTIN C. CARLSON
                                   MARTIN C. CARLSON
                                   Acting United States Attorney
                                   228 Walnut Street, Suite 220
                                   Harrisburg, Pa. 17108
                                   Phone: 717-221-4482
                                   Fax: 717-221-2582
                                   Martin.Carlson@USDOJ.gov
                                   PA Bar #33396